## The Town of DOVER *versus* JAMES McMURPHY.

An individual, who has a small farm and some personal property, but who has a family and owes more than he has owing to him, is not of sufficient ability to maintain his poor relations when standing in need of relief, unless his property, with the labor of himself and family, yields sufficient income to maintain his family, pay the interest of debts, and support such relations.

ASSUMPSIT for supplies furnished to John McMurphy, the defendant's father, a pauper standing in need of relief.

The cause was tried here at September term, 1826, upon the general issue when the only question that was raised was whether the defendant was of sufficient ability to support the pauper.

It appeared in evidence that the defendant was the owner of a farm in Londonderry, the value of which was estimated by the witnesses who testified in the cause to be from $1000 to $1800, and also of personal estate, estimated by the same witnesses to be of the value of from $200 to $500 ; that he had four children, the youngest of whom was of the age of seven years ; that the health of the defendant and of his eldest and youngest children was feeble ; and that he was in debt to the amount of $700 more that what was due to him.

The court instructed the jury that unless they were satisfied that the income of the defendant's property, with his own labor, was sufficient for the comfortable support of himself and family, to pay the interest of the money he owed, beyond what was due to him, and maintain the pauper, he had not that " *sufficient ability*" which the statute intended, and was not liable ; that a person thus owning a farm, and not having more income than what is necessary for the maintenance of himself and family, is not bound to dispose of any part of his real or personal estate for the support of his poor relations ; and further, the court told the jury that the question was not whether the defendant could pay the sum demanded, or support the pauper any particular portion of time, without immediate injury to himself and family, but whether his income was such as to enable him to furnish such support at any and all times when the necessities of the pauper required it, without embarrassing himself, or affecting the comfortable subsistence of his family.

The jury having returded a verdict in favor of the defendant, the counsel of the plaintiffs moved for a new trial on the ground that the jury had been misdirected.

*J. Bartlett*, for the plaintiffs.

Dover
*v.*
McMurphy.

Our objections to the construction put upon the statute in the direction to the jury, are,

1st, That such a construction does not necessarily follow from the words of the statute. The words "*of sufficient ability*," as used in the statute, we admit, require some latitude of construction, but in departing from the literal import, we contend that such a construction should be given as will make the operation of the statute uniform and consistent in all the cases to which it is applied.

That such is not the effect of this construction is our second objection. While the statute makes the same degree of ability necessary for the support of father and children, and embraces them both in the same provision and the same words—the jury were directed, in this case, that these must be sufficient for the maintenance of the children before the father could receive any thing. The direction, also, given to the jury, that a person was not to encroach at all on his property, either real or personal, for the purpose of this maintenance, unless his income was more than sufficient for his and his family's maintenance, renders the operation of the statute extremely partial and unequal. For the laboring man, whose income arises altogether from his personal exertions, if he has any surplus is bound to expend it for his poor relations, and is allowed to accumulate nothing ; while the person whose income arises from his property or estate, is allowed to retain such estate undiminished during his life, and then to suffer it to descend to his heirs, whoever they may be, or to dispose of it in any other manner.

A third objection to the construction given to the statute is, that it is contrary to public policy ; for its operation is merely to exempt the ungrateful child from relieving and supporting his unfortunate parent, under circumstances of property in which the more humane and benevolent will not ask nor accept of exemption.

Nor can we think it to have been the policy or intention of the legislature to take away the liability of a

child possessing as much property as he may by this construction and throw it upon strangers, a large portion of whom have neither property nor income, but who still, in the shape of taxes for the support of the poor, must be compelled to bear this burden.

But these objections might not be deemed of so much importance, were there not, in our opinion, a different construction which may be given to the statute that will remove them.

Our construction is, that a person is of sufficient ability, within the meaning of the statute, if his estate, together with his income, are anything more than sufficient for his own maintenance during life ; all more than this is liable to be appropriated under the provisions of the statute. And for this purpose his whole estate is liable to be exhausted, whether real or personal, whether productive or unproductive. When his estate is so reduced as not to be sufficient for this then his liability ceases.

It may be enquired how this is to be ascertained. Our answer is, it may be left to the judgment of the jury under the facts in the case. If it becomes necessary for them to calculate they have the same means which there is for calculating annuities, and may calculate upon the same principles.

RICHARDSON, C. J. delivered the opinion of the court.

This is not a case, where the attempt is to charge with the support of his father an individual, who is without a family and without property, but who is able to earn by his labor, annually, more than is necessary for his own support. It will be time enough to consider what directions ought to be given to the jury in such a cause, when it actually occurs. This is not such a cause.

Nor is this a case, where a remedy is sought against a father for the support of his unemancipated children. By the principles of the common law, and independently of the provisions of the statute, a father is bound to maintain such children so long as he has any means what-

ever, to do it. They therefore stand, in this respect, on grounds peculiar to themselves.

But here the attempt is to charge with the support of his father a son who has a small farm and some personal property, who has four children, who is in feeble health, and in debt. If, under the circumstances, he is to be deemed of sufficient ability to maintain his father, this action is maintainable, upon the statute, otherwise not. The language of the statute is, "that the relations of any poor person standing in need of relief in the line of father or grandfather, mother or grandmother, children or grandchildren, of sufficient ability, shall be liable to maintain and relieve them." And the question is, whether the directions given to the jury in this case, as to what is to be considered as sufficient ability in persons situated like this defendant, and what not, were correct?

As to what shall be deemed sufficient ability the statute is silent. Indeed, it would have been difficult, if not impossible, to have prescribed a safe and certain rule by which the ability of individuals might have been in all cases properly determined. It is a question which in its nature must depend on divers circumstances perpetually varying in all the different cases; and must, to a certain extent, be left to be settled according to the circumstances of each case.

There are men, who possess ample fortunes and whose ability to maintain their poor relations cannot be doubted—men to whom it would be a disgrace to see those who stand in the relations to them mentioned in the statute maintained by towns. There are other men, of fortunes so slender, and of means to maintain themselves so precarious, that our feelings would revolt at seeing the burden of supporting their poor relations thrown upon them. In cases of these classes the question of ability is easily settled. But there is a numerous class of men in the community who are neither poor nor rich; who are in moderate circumstances; who are able in a fortunate

season to add something to their estates, but who are liable in another season to fall behind hand by reason of sickness or other misfortune ; and with respect to individuals of this class it is often very difficult to say whether they are or are not of sufficient ability. We have often had occasion to give instructions to a jury as to what was to be considered as sufficient ability among this class of men, and have uniformly given to them the instructions which were given in this case. And it still seems to us that those instructions were as favorable to the plaintiffs in this case as the law will warrant. If the individual who is sought to be charged cannot, by the income of his property, with his own labor and that of his family, maintain himself and family, pay the interest of his debts and maintain the poor relation, he must, if charged, become annually poorer. And the natural tendency of throwing the burthen upon him, under such circumstances is, to dishearten and discourage him, to break down his spirit, to reduce him to poverty and in the end to throw him upon the town for support. This is contrary to sound policy and the spirit of the statute. For the object of this provision in the statute was to lighten the burthens of towns ; and if such a construction be given to it as will tend to increase the number of paupers, its true intent will be defeated.

We are inclined to think that if there be any doubt as to the propriety of the rule laid down to the jury in this case, it is, whether it be not too severe, and whether it does not go too far against the person to be charged. It subjects all his net annual income to the maintenance of his relations. To a man with a family, to be educated and settled in life, and with a small farm not sufficient to support him without his labor, this rule seems to us sufficiently severe.

We cannot, therefore, accede to the rule proposed by the plaintiff's counsel—to subject to this liability all a man's estate except what may be sufficient for his sup-

port during life—because that would be still more severe than the rule laid down in this case, and would in our opinion tend to increase the burthens thrown upon towns rather than relieve them—and because it would be impracticable to apply such a rule with any certainty. There are no data by which it can be estimated how much a man may want to support himself and those who may depend upon him, through life. It must be all vague and uncertain conjecture.

We are therefore of opinion that there must be

*Judgment on the verdict.*